**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

ENTERED
10/09/2020

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| TAILORED BRANDS, INC., *et al.*,[1] | ) | Case No. 20-33900 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket No.  524** |

**ORDER (A) APPROVING THE DISCLOSURE STATEMENT,**
**(B) ESTABLISHING THE VOTING RECORD DATE, VOTING DEADLINE,**
**AND OTHER DATES, (C) APPROVING PROCEDURES FOR SOLICITING,**
**RECEIVING, AND TABULATING VOTES ON THE PLAN, AND (D) APPROVING**
**THE MANNER AND FORMS OF NOTICE AND OTHER RELATED DOCUMENTS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"):  (a) approving the *Disclosure Statement for the Debtors' Fourth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended or supplemented from time to time, the "Disclosure Statement"); (b) establishing the voting record date, voting deadline, and other related dates for the *Debtors' Fourth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* (as modified, amended or supplemented from time to time, the "Plan"); (c) approving procedures for soliciting, receiving, and tabulating votes on the Plan; and (d) approving the manner and forms of notice and other related documents as they relate to the Debtors, all as more fully set forth in the Motion; and upon the First Day Declaration; and

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.primeclerk.com/TailoredBrands.  The location of the Debtors' service address in these chapter 11 cases is:  6100 Stevenson Boulevard, Fremont, California 94538.

[2]  Capitalized terms used but not defined herein have the meaning given to such terms in the Motion, in the Plan, or in the Disclosure Statement, as applicable.

this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

## I.        Approval of the Disclosure Statement.

1.        The Disclosure Statement, attached hereto as **Schedule 1**, is hereby approved as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with section 1125(a)(1) of the Bankruptcy Code.

2.        The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims, Holders of Interests, and other parties in interest with sufficient notice of the release, exculpation, and injunction provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**II.     Approval of the Solicitation Procedures.**

3.     The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation Procedures attached hereto as **Schedule 2**, which are hereby approved in their entirety; *provided*, *however*, that the Debtors may amend or supplement the Solicitation Procedures where, in the Debtors' best judgment, consistent with the Restructuring Support Agreement, doing so would facilitate solicitation.

**III.    Approval of the Disclosure Statement Hearing Notice.**

4.     The Disclosure Statement Hearing Notice, the form of which is attached hereto as **Schedule 3**, filed by the Debtors and served upon parties in interest in these chapter 11 cases beginning on **September 3, 2020**, constitutes adequate and sufficient notice of the Disclosure Statement Hearing, the manner in which a copy of the Disclosure Statement (and exhibits thereto, including the Plan) may be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

**IV.    Approval of the Materials and Timeline for Soliciting Votes on the Plan.**

        **A.     Approval of Key Dates and Deadlines with Respect to the Plan and Disclosure Statement.**

5.     The following dates are hereby established (subject to modification as necessary or further order of the Court) with respect to the solicitation of votes to accept or reject the Plan, voting on the Plan, objecting to the Plan, and confirming the Plan (all times prevailing Central Time):

3

| Event | Date |
|---|---|
| Disclosure Statement Objection Deadline | **October 1, 2020** |
| Disclosure Statement Hearing | **October 8, 2020, at 1:30 p.m.**, prevailing Central Time (or as soon after as the Debtors may be heard) |
| Voting Record Date | **October 6, 2020** |
| Solicitation Deadline | Commenced on **October 9, 2020** and completed as soon as reasonably practicable thereafter but no later than two (2) business days following the entry of this Order |
| Publication Deadline | The date that is seven (7) business days following the Solicitation Deadline, or as soon as reasonably practicable thereafter |
| Plan Supplement Deadline | The date that is fourteen (14) days before the Confirmation Hearing Date, or as soon as reasonably practicable thereafter |
| Plan Objection Deadline | **November 6, 2020**, at **4:00 p.m.**, prevailing Central Time |
| Voting Deadline | **November 9, 2020, at 4:00 p.m.**, prevailing Central Time |
| Deadline to File the Confirmation Brief | **November 9, 2020** |
| Deadline to File Voting Report | **November 10, 2020, at 12:00 p.m.**, prevailing Central Time |
| Confirmation Hearing Date | **November 10, 2020, at 1:30 p.m.**, prevailing Central Time |

4

**B.**     **Approval of the Form of, and Distribution of, Solicitation Packages to Parties Entitled to Vote on the Plan.**

6.     The Solicitation Packages to be transmitted on or before the Solicitation Deadline to those Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

a.     an appropriate form of Ballots attached hereto as **Schedules 4(a)**, **4(b)**, **4(c)**, and **4(d)** respectively, for each Voting Class in which such Holder holds a Claim[3];

b.     the Cover Letter, substantially in the form attached hereto as **Schedule 8**;

c.     the Disclosure Statement (and exhibits attached thereto, including the Plan);

d.     the Solicitation Procedures;

e.     this Order, without exhibits;

f.     the Confirmation Hearing Notice, substantially in the form attached hereto as **Schedule 9**;

g.     in the case of Holders of Other General Unsecured Claims in Class 5(b) (other than Holders of Term Loan Deficiency Claims), a letter from the Creditors' Committee, substantially in the form of Exhibit B to Docket No. 761, and

h.     such other materials as the Court may direct.

7.     The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Bankruptcy Local Rules.

---

[3]     The Debtors will make every reasonable effort to ensure that any Holder of a Claim who has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class, receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to that Class.

8. The Debtors shall distribute Solicitation Packages to all Holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.

9. The Debtors are authorized, but not directed or required, to distribute the Plan, the Disclosure Statement (and exhibits thereto), and this Order to Holders of Claims entitled to vote on the Plan in electronic format. The Ballots, the Cover Letter, and the Confirmation Hearing Notice will **only** be provided in paper format; *provided*, *however*, that subject to section 10 of this Order, the Solicitation Package shall solely be provided to Holders of Term Loan Claims in electronic format. On or before the Solicitation Deadline, the Debtors shall provide (a) complete Solicitation Packages to the U.S. Trustee and (b) this Order and the Confirmation Hearing Notice to all parties on the 2002 List as of the Voting Record Date.

10. Any party that receives the materials in electronic format but would prefer paper format may contact the Notice and Claims Agent and request paper copies of the corresponding materials previously received in electronic format (to be provided at the Debtors' expense).

11. The Notice and Claims Agent is authorized to assist the Debtors in (a) distributing the Solicitation Package; (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims in the Debtors; (c) responding to inquiries from Holders of Claims or Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the Solicitation Procedures; (d) soliciting votes on the Plan; and (e) if necessary, contacting creditors regarding the Plan.

12. The Notice and Claims Agent is also authorized to accept Ballots via electronic online transmission through a customized online balloting portal on the Debtors' case website.

The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

**C.      Approval of the Confirmation Hearing Notice.**

13.      Service of the Confirmation Hearing Notice, substantially in the form attached hereto as **Schedule 9**, upon all known Holders of Claims and Interests against the Debtors and the parties on 2002 List (each as of the Voting Record Date) commenced on or before **October 9, 2020** (or as soon as reasonably practicable thereafter but no later than two (2) business days following the entry of this Order), constitutes adequate and sufficient notice of the hearings to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Bankruptcy Local Rules.  The Debtors shall publish the Confirmation Hearing Notice (in a format modified for publication) one time, in no event later than the Publication Deadline, in:  (a) *New York Times* (national edition); (b) *Dallas Morning News*; and (c) on the Debtors' restructuring website, available at https://cases.primeclerk.com/TailoredBrands, in each case no later than seven (7) business days after the Solicitation Deadline.

14.      The Confirmation Hearing Notice provides Holders of Claims, Holders of Interest, and other parties in interest with sufficient notice of the release provisions contained in Article VIII of the Plan and the effect thereof.

**D.      Approval of the Notice of Filing of the Plan Supplement.**

15.      The Debtors are authorized to send the notice of the filing of the Plan Supplement, substantially in the form attached hereto as **Schedule 10**, on the date the Plan Supplement is filed pursuant to the terms of the Plan.  Notwithstanding the foregoing, the

Debtors may amend the documents contained in, and exhibits to, the Plan Supplement through the Effective Date solely in accordance with the Plan.

**E.      Approval of the Form of Notices to Non-Voting Classes.**

16.      Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims or Interests in Non-Voting Classes, as such Holders are not entitled to vote on the Plan.  Instead, on or before the Solicitation Deadline, the Notice and Claims Agent shall mail (first-class postage prepaid) a Non-Voting Status Notice in lieu of Solicitation Packages, the form of each of which is hereby approved, to those parties, outlined below, who are not entitled to vote on the Plan:

i.      Unimpaired Claims – Conclusively Presumed to Accept:  Holders of Claims in Classes 1, 2, 3, 5(a), and 5(c) are Unimpaired under the Plan and, therefore, are conclusively presumed to have accepted the Plan.  As such, Holders of such Claims will receive a notice, substantially in the form attached hereto as **Schedule 5**, in lieu of a Solicitation Package.

ii.      Impaired Claims and Interests Conclusively Presumed to Reject:  Holders of Claims and Interests in Classes 8 and 9 are receiving no distribution under the Plan and, therefore, are conclusively presumed to have rejected the Plan.  As such, Holders of such Claims and Interests will receive a notice, substantially in the form attached hereto as **Schedule 6**, in lieu of a Solicitation Package.

iii.      Intercompany Claims and Intercompany Interests:  The Debtors are not required to provide the Holders of certain Intercompany Claims and Intercompany Interests (Classes 6 and 7, respectively) with a Solicitation Package or any other type of notice.  Because Holders of Claims in Class 6 and Holders of Interests in Class 7 are conclusively deemed to have accepted or rejected the Plan pursuant to section 1126(f) or section 1126(g) of the Bankruptcy Code, respectively, such Holders are not entitled to vote to accept or reject the Plan.

iv.      Disputed Claims:  Holders of Claims or Interests that are subject to a pending objection by the Debtors are not entitled to vote the disputed portion of their Claim or Interest.  As such, Holders of such Claims or Interests will receive a notice, substantially in the form attached hereto as **Schedule 7** (which notice shall be served together with such objection).

8

17.     The Debtors are not required to provide Solicitation Packages or other solicitation materials to:  (a) Holders of Claims that (i) have already been paid in full during these chapter 11 cases or (ii) are authorized to be paid in full in the ordinary course of business pursuant to an order previously entered by this Court or (b) any party to whom the Disclosure Statement Hearing Notice was sent and was subsequently returned as undeliverable.

**F.      Approval of Notices to Executory Contract and Unexpired Lease Counterparties.**

18.     The Debtors are authorized to mail an Assumption Notice or Rejection Notice of any Executory Contracts or Unexpired Leases (and any corresponding Cure), substantially in the forms attached hereto as **Schedules 11** and **12**, respectively, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed or rejected pursuant to the Plan (as the case may be) within the time periods specified in the Plan.

**G.      Approval of the Procedures for Filing Objections to the Plan.**

19.     Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order.  Specifically, all objections to confirmation of the Plan or requests for modifications to the Plan, if any, ***must***:  (a) be in writing; (b) conform to the Bankruptcy Rules and the Bankruptcy Local Rules; (c) state, with particularity, the legal and factual basis for the objection and, if practicable, a proposed modification to the Plan (or related materials) that would resolve such objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties so as to be ***actually received*** on or before **November 6, 2020**, at **4:00 p.m.**, prevailing Central Time by each of the notice parties identified in the Confirmation Hearing Notice.

**V.      Miscellaneous.**

20.      The Debtors reserve the right to modify the Plan in accordance with Article X thereof, including the right to withdraw the Plan as to an individual Debtor at any time before the Confirmation Date.

21.      Nothing in this Order shall be construed as a waiver of the right of the Debtors or any other party in interest, as applicable, to object to a proof of claim after the Voting Record Date.

22.      All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

23.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

24.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

25.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order are immediately effective and enforceable upon its entry.

26.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

27.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: October 09, 2020

Marvin Isgur
United States Bankruptcy Judge

10