**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| TAILORED BRANDS, INC., *et al.*,[1] | ) Case No. 20-33900 (MI) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |

**MOTION BY THE OFFICIAL COMMITTEE OF UNSECURED**
**CREDITORS FOR ENTRY OF AN ORDER GRANTING STANDING**
**AND AUTHORIZING THE PROSECUTION OF CERTAIN LIEN**
**CHALLENGE CLAIMS AGAINST THE PREPETITION TERM LOAN AGENT**
**ON BEHALF OF THE BANKRUPTCY ESTATES**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON NOVEMBER 30, 2020, AT 11:00 A.M. (CENTRAL TIME) BY AUDIO AND VIDEO COMMUNICATIONS AS SET FORTH BELOW. IT IS ANTICIPATED THAT ALL PERSONS WILL APPEAR TELEPHONICALLY AND ALSO MAY APPEAR VIA VIDEO AT THIS HEARING.**

**PLEASE NOTE THAT THROUGH ENTRY OF GENERAL ORDER 2020-20 ON OCTOBER 19, 2020, THE COURT HAS EXTENDED THE USE OF THE PROTOCOL FOR EMERGENCY PUBLIC HEALTH OR SAFETY CONDITIONS (ADOPTED BY GENERAL ORDER 2020-4; INVOKED BY GENERAL ORDERS 2020-10 AND 2020-10A AND AS EXTENDED AND MODIFIED BY GENERAL ORDERS 2020-11, 2020-17, 2020-18, 2020-19 AND 2020-20) INDEFINITELY PENDING FURTHER ORDER.**

**AUDIO COMMUNICATION WILL BE BY USE OF THE COURT'S DIAL-IN FACILITY. YOU MAY ACCESS THE FACILITY AT (832) 917-1510. YOU WILL BE RESPONSIBLE FOR YOUR OWN LONG-DISTANCE CHARGES. ONCE CONNECTED, YOU WILL BE ASKED TO ENTER THE CONFERENCE ROOM NUMBER. JUDGE ISGUR'S CONFERENCE ROOM NUMBER IS 954554.**

**YOU MAY VIEW VIDEO VIA GOTOMEETING. TO USE GOTOMEETING, THE COURT RECOMMENDS THAT YOU DOWNLOAD THE FREE GOTOMEETING APPLICATION. TO CONNECT, YOU SHOULD ENTER THE MEETING CODE "JUDGEISGUR" IN THE GOTOMEETING APP OR CLICK THE LINK ON JUDGE ISGUR'S HOME PAGE ON THE SOUTHERN**

---

[1]  A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.primeclerk.com/TailoredBrands.  The location of the Debtors' service address in these chapter 11 cases is:  6100 Stevenson Boulevard, Fremont, California 94538.

**DISTRICT OF TEXAS WEBSITE. ONCE CONNECTED, CLICK THE SETTINGS ICON IN THE UPPER RIGHT CORNER AND ENTER YOUR NAME UNDER THE PERSONAL INFORMATION SETTING.**

**HEARING APPEARANCES MUST BE MADE ELECTRONICALLY IN ADVANCE OF THE HEARING. TO MAKE YOUR ELECTRONIC APPEARANCE, GO TO THE SOUTHERN DISTRICT OF TEXAS WEBSITE AND SELECT "BANKRUPTCY COURT" FROM THE TOP MENU. SELECT "JUDGES' PROCEDURES & SCHEDULES," THEN "VIEW HOME PAGE" FOR JUDGE ISGUR. UNDER "ELECTRONIC APPEARANCE" SELECT "CLICK HERE TO SUBMIT ELECTRONIC APPEARANCE". SELECT "TAILORED BRANDS, INC. ET AL.", COMPLETE THE REQUIRED FIELDS AND CLICK "SUBMIT" TO COMPLETE YOUR APPEARANCE.**

**IF YOU OBJECT TO THE RELIEF REQUESTED, YOU MUST RESPOND IN WRITING. UNLESS OTHERWISE DIRECTED BY THE COURT, YOU MUST FILE YOUR RESPONSE ELECTRONICALLY AT HTTPS://ECF.TXSB.USCOURTS.GOV/ WITHIN TWENTY-ONE DAYS FROM THE DATE THIS MOTION WAS FILED. OTHERWISE, THE COURT MAY TREAT THE PLEADING AS UNOPPOSED AND GRANT THE RELIEF REQUESTED.**

The Official Committee of Unsecured Creditors (the "Committee") of  the above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby moves this Court for entry of an order authorizing the Committee to prosecute certain lien challenge claims against the Prepetition Term Loan Agent (as defined below) on behalf of the bankruptcy estates and granting related relief (this "Motion").  In support of this Motion, the Committee respectfully states as follows:

## PRELIMINARY STATEMENT

1.     The Committee seeks standing to pursue, on behalf of the Debtors' estates, the following claims set forth in the Proposed Complaint attached hereto as **Exhibit 1**:  (i) a declaratory judgment that certain property of the Debtors is not subject to the liens and security interests asserted by the Defendant on behalf of the Prepetition Term Loan Parties (defined below) as described in paragraph F of the *Final Order (I) Authorizing the Debtors to Obtain Postpetition Financing, (II) Authorizing the Debtors to Use Cash Collateral, (III) Granting Liens and Providing Superpriority Administrative Expense Status, (IV) Granting Adequate Protection*

2

*to the Prepetition Term Loan Parties; (V) Modifying the Automatic Stay, and (VI) Granting Related Relief* [Docket No. 512] (the "Final Order");[2] (ii) a judgment avoiding any unperfected liens and security interests asserted by the Prepetition Term Loan Parties on certain property of the Debtors; and (iii) an order reversing certain other acknowledgements and agreements of the Debtors set forth in paragraph F of the Final Order and preserving certain of the Committee's rights to dispute the amounts owed to the Prepetition Term Loan Parties. This Motion is filed consistent with paragraph 50(a) of the Final Order. This Motion and the Proposed Complaint also constitute an objection, pursuant to section 502 of the Bankruptcy Code and Bankruptcy Rules 3007 and 7001, to the liens and claims asserted by the Prepetition Term Loan Parties against the Debtors.[3]

**JURISDICTION AND VENUE**

2.      The Court has jurisdiction over this action under 28 U.S.C. § 1334. This adversary proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue of this adversary proceeding is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are sections 105(a), 1103(c), and 1109(b) of the Bankruptcy Code and Bankruptcy Rules 3007 and 7001. This Motion is also filed pursuant to paragraph 50(a) of the Final Order.

**BACKGROUND**

**A.      General Background**

4.      On August 2, 2020 (the "Petition Date"), the Debtors each filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy

---

[2]  Each capitalized term not defined herein shall have the meaning ascribed to such term in the Final Order.

[3]  The Prepetition ABL Agent is not affected by this Motion and is not a party to the Proposed Complaint because the Challenge Deadline as to the Committee with respect to the Prepetition ABL Parties and certain specified assets was extended through the earlier of (a) the effective date of the Debtors' chapter 11 plan or (b) November 30, 2020.

3

Court for the Southern District of Texas, Houston Division (this "Court"), thereby commencing these chapter 11 cases (the "Cases"). The Debtors continue in possession of their property and are operating and managing their businesses as debtors in possession pursuant to the provisions of 11 U.S.C. §§ 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these Cases.

5.      On August 11, 2020, the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code.

**B.      The Final Order, Challenge Deadline, and Unencumbered Assets**

6.      On September 2, 2020, the Court entered the Final Order. The Final Order, among other things, set a Challenge Deadline of the earlier of (x) October 26, 2020, and (y) the entry of an order confirming a plan of the Debtors or the sale of all or substantially all of the assets of the Debtors, by which the Committee and other parties in interest could assert a Challenge with respect to the Debtors' various stipulations, waivers, and admissions in favor of the Prepetition Term Loan Parties under the Final Order.

7.      A hearing on the confirmation of a joint plan of reorganization of the Debtors is currently scheduled for November 11, 2020.

8.      The Committee has identified certain items that are the subject of this Challenge and has proposed a stipulation to Wilmington Savings Fund, FSB, is the administrative agent (the "Prepetition Term Loan Agent"), on behalf of itself and the lender parties to that certain *Term Loan Agreement*, dated as of June 18, 2014 (as amended, restated, or otherwise modified from time to time, the "Prepetition Term Loan Agreement"), by and among certain of the Debtors as borrowers or guarantors and the lenders party thereto. However, no resolution has been reached.

9.      Specifically, the Committee submits that the Prepetition Collateral securing the obligations under the Prepetition Term Loan Agreement does not include, and/or the Prepetition Term Loan Agent does not have a perfected or otherwise enforceable security interest in, the following assets of the Debtors or the proceeds thereof:  (a) any owned real estate, except for the distribution center located at 10485 W. Bellfort Street, Houston, Texas; (b) any leased real estate; (c) any commercial tort claims; (d) thirty-five percent (35%) of the Debtors' equity interests in foreign subsidiaries; (e) money or currency; *provided that*, the Prepetition Collateral does include money or currency that constitutes the identifiable proceeds of other Prepetition Collateral; (f) deposit accounts at any bank or financial institution that has not heretofore entered into a control agreement with the Prepetition Term Loan Agent or otherwise under the control of the Prepetition Term Loan Agent; *provided that*, the Prepetition Collateral does include funds in deposit accounts that constitute the identifiable proceeds of other Prepetition Collateral; (g) any vehicles or other equipment subject to a certificate of title (whether a paper title certificate, an electronic certificate, or other evidence of title under applicable law); (h) licenses or other permits to the extent that a pledge of such licenses or permits is otherwise prohibited by the terms thereof or applicable non-bankruptcy law; and (i) any Excluded Assets (as defined in the collateral agreements ancillary to the Prepetition Term Loan Agreement).  The foregoing items (a) through (i) are collectively referenced herein as the "Unencumbered Assets."  The Committee submits that there is no evidentiary basis for a finding that the Prepetition Term Loan Parties have a valid, perfected lien, claim, or interest in any of the Unencumbered Assets and any inconsistent finding should be stricken from the Final Order.

10. The lenders under the Prepetition Term Loan Agreement, along with the Prepetition Term Loan Agent where applicable, are collectively referred to herein as the "Prepetition Term Loan Parties."

11. Debtors Moores The Suit People Corp., Tailored Brands Worldwide Purchasing Co., TB UK Holding Limited, and Moores Retail Group Corp. are not obligors or pledgors under the Prepetition Term Loan Facility.

## C. Reserved Matters

12. In addition, the Committee reserves rights to contest the following matters (together, the "Reserved Matters"): (i) the allowance of any interest (or default rate interest) paid or accrued under the Prepetition Term Loan Agreement; (ii) the accuracy of the calculation of the amount of any principal, interest, fees, costs or charges paid or accrued under the Prepetition Term Credit Agreement; (iii) the reasonableness pursuant to section 506(b) of the Bankruptcy Code of the amounts of any fees, costs or charges to the extent provided for under the Prepetition Term Credit Agreement, and (iv) any adequate protection or diminution claim that may be asserted by the Prepetition Term Loan Parties.

13. The Committee further submits that none of the Debtors' various acknowledgments, waivers, and stipulations in the Final Order at paragraph F should have any impact on any rights, claims, defenses, offsets, or causes of action that the Committee or any of the Debtors' estates may have against the Prepetition Term Loan Agent on behalf of the Prepetition Term Loan Parties with respect to the Reserved Matters or otherwise unrelated to the Prepetition Term Loan Agreement and the obligations thereunder.

14. The Committee objects to the liens and claims asserted by the Prepetition Term Loan Agent on behalf of the Prepetition Term Loan Parties to the extent inconsistent with

the foregoing.   The Committee therefore files this Motion, and seeks standing to file the Proposed Complaint (as it may be amended), in order to preserve its rights under the Final Order.

## **RELIEF REQUESTED**

15.    By this Motion, pursuant to sections 105(a), 1103(c), and 1109 of the Bankruptcy Code, the Committee seeks entry of an order (attached hereto as **Exhibit 2**) authorizing it to prosecute the causes of action set forth in the Proposed Complaint and granting related relief.  No prior request for the relief sought in this Motion has been made to this Court.

## **BASIS FOR RELIEF**

### A.    **Legal Standard to Establish Standing**

16.    The Bankruptcy Code provides that a committee may "perform such . . . services as are in the interest of those represented."  11 U.S.C. § 1103(c)(5).  The Bankruptcy Code also allows a party in interest, including a creditors' committee, to be heard on any issue in a chapter 11 case.  *See* 11 U.S.C. § 1109(b).  Moreover, section 105(a) empowers the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code.  *See* 11 U.S.C. § 105(a).

17.    The Fifth Circuit, in common with the majority of circuits reaching the issue, has held that derivative standing is available to a creditors' committee to pursue estate claims when it shows that the claims are colorable, the debtor has unjustifiably refused to pursue the claims, and the committee has received leave to sue from the bankruptcy court.  *Louisiana World Exposition v. Federal Ins. Co. (In re Louisiana World Exposition, Inc.),* 858 F. 2d 233, 247 (5th Cir. 1988) (dismissal of committee complaint against officers and directors reversed; recognizing standing of creditors' committee to pursue claims under sections 1103(c)(5), 1109(b), and applicable law); *see also Louisiana World Exposition, Inc. v. Federal Ins. Co. (In re Louisiana World Exposition, Inc.),* 832 F. 2d 1391, 1397-98 (5th Cir. 1987) (creditors'

7

committee may sue on behalf of trustee or debtor in possession under specified circumstances); *accord Official Comm. of Unsecured Creditors of Cybergenics Corp. v. Chinery*, 330 F.3d 548 (3d Cir. 2003) (*en banc*) (derivative standing appropriate if the debtor unreasonably refuses to pursue a fraudulent transfer action).

18.     As explained by the bankruptcy court in *Reed v. The Cadle Co. (In re Cooper),* 405 B.R. 801 (Bankr. N.D. Tex. 2009), in a chapter 11 case, there is both a textual and equitable rationale for granting a creditor or committee standing to pursue claims that the debtor refuses to pursue.  The textual bases for granting standing to a committee upon request include Bankruptcy Code sections 1103(c)(5) (powers and duties of committees), 1109(b) (right to be heard), and 1123(b)(3)(B) (chapter 11 plan may provide for the retention and enforcement of claims by a representative of the estate).  *Id.* at 809.  The equitable basis for granting standing to a committee derives from the fact that the debtor-in-possession often faces a conflict of interest with respect to the avoidance of liens or transfers that the debtor itself initiated.  *Id.* ("[T]he metaphor of the 'fox guarding the hen house' is often apropos.  *Louisiana World* is the leading case from the Fifth Circuit describing this situation and articulating when a creditors committee may be permitted standing to pursue estate causes of action.").

19.     While the Fifth Circuit has stated that there is no "formalistic checklist" for granting standing to a committee, courts generally require: (1) the proposed claim must be colorable, (2) the debtor-in-possession has refused unjustifiably to pursue the claim, and (3) the committee has received leave to sue from the bankruptcy court.  *Louisiana World Exposition,* 858 F. 2d at 247; *see also Official Employment-Related Issues Comm. v. Lavorato (In re Enron Corp.),* 319 B.R. 128, 131-32 (Bankr. S.D. Tex. 2004) (citing recognized factors).

20.     As set forth below, the Committee satisfies each of the foregoing elements.

**B.      The Proposed Claims Are Colorable**

21.     The Fifth Circuit does not specifically define the legal standard for a "colorable" claim sufficient to warrant derivative standing, but it is not a stringent standard.  *See Louisiana World Exposition,* 858 F. 2d at 247n. 15 ("In short, the Committee demonstrated the existence of a potential cause of action."); *In re Enron Corp.,* 319 B.R. at 132 ("The defendants received transfers within days of the Enron bankruptcy cases.  That in and of itself makes the avoidance claims colorable.").

22.     Notwithstanding the Debtors' acknowledgments, waivers, and stipulations in the Final Order, the Committee has investigated and concluded that the Prepetition Collateral under the Prepetition Term Loan Agreement and the ancillary documents thereto does not include, and/or the Prepetition Term Loan Agent on behalf of the Prepetition Term Loan Parties has failed to perfect its asserted liens, claims, and interests in, the Unencumbered Assets.  As demonstrated by the Proposed Complaint, the Committee seeks declaratory relief regarding, and the avoidance of, the Prepetition Term Loan Parties' asserted liens and security interests against the Unencumbered Assets.  The Committee also seeks declaratory relief preserving rights as to certain Reserved Matters.  The Committee believes that each of these claims is viable and would survive a motion to dismiss.  These colorable claims are asserted after substantial time and resources have been devoted by the Committee and its professionals on due diligence.

**C.      The Debtors Unjustifiably Refuse to Pursue the Claims**

23.     The issue of whether the debtor "unjustifiably refused" to bring a lawsuit against its officers and directors was at issue in *Louisiana World Exposition,* 858 F. 2d at 248. The Fifth Circuit explained:

9

> A creditor's interests in a Chapter 11 context are not protected where the debtor-in-possession fails to fulfill its obligation to collect property of the estate. If a valid – and potentially profitable – cause of action exists under state law which the debtor-in-possession may assert on behalf of the corporation, *all* creditors are harmed when the debtor-in-possession refuses to pursue it. The value of the estate is not maximized and the ultimate recovery of all creditors is diminished.

*Id.* at 249-50 (finding that debtor would not act to maximize value of the estate) and at 253 (where debtor-in-possession is unable or unwilling to fulfill its obligations and interests of an estate are impaired, refusal is unjustified).

24.     Here, pursuant to the Final Order, the Debtors stipulated that, among other matters, the Prepetition Term Loan Agent on behalf of the Prepetition Term Loan Parties has liens on, or security interests in, some or all of the Unencumbered Assets. The Committee disputes these stipulations and should be permitted to assert a proper challenge with respect thereto because the Debtors are unable or unwilling to do so as discussed by *Louisiana World Exposition*. Moreover, the Final Order specifically contemplates that an objection to the liens and claims of the Prepetition Term Loan Agent on behalf of the Prepetition Term Loan Parties may be asserted prior to the Challenge Deadline. The Committee is therefore fulfilling its statutory duties consistent with the Bankruptcy Code and the Final Order by investigating and pursuing the declaratory relief and avoidance claims encompassed in the Proposed Complaint.

25.     In *Louisiana World Exposition,* the Fifth Circuit observed that whether a debtor's refusal to pursue a cause of action is "unjustified" effectively requires a cost-benefit analysis. Thus, the court stated:

> It is clear from reviewing our decisions in *Coral Petroleum* and *Fuel Oil Supply* that in determining whether a debtor-in-possession's refusal was unjustified, we must look to whether the interests of creditors were left unprotected as a result. *See Coral Petroleum,* 797 F.2d at 1363; *Fuel Oil Supply,* 762 F.2d at 1287. As the interests of creditors are imperiled where valid and profitable state law causes of action are neglected by the debtor-

10

> in-possession, **the unjustified refusal calculus will generally amount to little more than a cost-benefit analysis**.

*In re Louisiana World Exposition,* 858 F. 2d at often 253 n. 20 (emphasis added).

26.     The Committee proposes declaratory relief and avoidance claims that preserve substantial assets for the benefit of the estates.  The Committee has proposed a stipulation to the Prepetition Term Loan Agent on behalf the Prepetition Term Loan Parties in an effort to resolve such claims, but no resolution has been reached.  The Committee will continue to endeavor to resolve the claims asserted in the Proposed Complaint or to pursue such claims as efficiently as possible.  Derivative standing is warranted because the Debtors have relinquished their ability to assert the claims proposed herein, leaving the interests of creditors unprotected.

27.     The potential of preserving the Unencumbered Assets for the benefit of unsecured creditors outweighs any possible prejudice or delay to the Prepetition Term Loan Agent.  Accordingly, the Committee's proposed action satisfies the Fifth Circuit's unjustified refusal calculus and the Committee should be granted derivative standing.

**D.     The Committee Seeks Court Authority for Derivative Standing**

28.     Under *Louisiana World Exposition,* derivative standing is conditioned upon the bankruptcy court's permission based on its assessment of the debtor's refusal or unwillingness to pursue colorable claims and consistent with Bankruptcy Code sections 1105(c)(5) and 1103(b).  *In re Louisiana World Exposition,* 858 F. 2d at 247.

29.     The Committee brings this Motion to request permission from the Court to pursue colorable claims for the benefit of the estates.

<u>**CONCLUSION**</u>

30.     Based upon the foregoing, the Committee should be granted standing to file and prosecute the claims set forth in the Proposed Complaint.

11

WHEREFORE, the Committee respectfully requests that this Court:  (i) enter an order authorizing the Committee to prosecute the causes of action set forth in the Proposed Complaint; and (ii) grant such other and further relief to the Committee as the Court may deem proper.

Dated: October 26, 2020                    Respectfully submitted,


**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Maxim B. Litvak*
Jeffrey N. Pomerantz
Ira D. Kharasch
Paul J. Labov
Maxim B. Litvak (SBT 24002482)
Steven W. Golden (SBT 24099681)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4100
Telephone:  (310) 227-6910
Email:  jpomerantz@pszjlaw.com
          ikharasch@pszjlaw.com
          plabov@pszjlaw.com
          mlitvak@pszjlaw.com
          sgolden@pszjlaw.com

*Lead Counsel for the Official Committee of Unsecured Creditors*


## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 26th day of October, 2020, the foregoing Motion, along with attached exhibits and proposed order, was filed with the Court and served via the Court's CM/ECF system to all parties registered to receive such notice.


*/s/ Julie G. Harrison*
Julie G. Harrison