ENTERED
11/05/2020

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| TAILORED BRANDS, INC., *et al.*,[1] | ) Case No. 20-33900 (MI) |
| Debtors. | ) (Jointly Administered) |

### JOINT STIPULATION AND AGREED ORDER APPOINTING MEDIATOR AND GOVERNING MEDIATION PROCEDURE

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), the Official Committee of Unsecured Creditors in these chapter 11 cases (the "Creditors Committee"), and the Ad Hoc Group of Term Loan Lenders (the "Ad Hoc Group," and together with the Debtors and the Creditors Committee, each, a "Party," and collectively, the "Parties") hereby enter into this stipulation and agreed order (this "Stipulation") and agree as follows:

### RECITALS

A.  **WHEREAS**, on August 2, 2020 ("Petition Date"), the Debtors commenced these chapter 11 cases by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being jointly administered pursuant to

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.primeclerk.com/TailoredBrands. The location of the Debtors' service address in these chapter 11 cases is: 6100 Stevenson Boulevard, Fremont, California 94538.

Bankruptcy Rule 1015(b) [Docket No. 41]. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code;

B.     WHEREAS, on October 9, 2020 the Debtors filed the *Debtors' Fourth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 844] (as modified, amended, or supplemented from time to time, the "Plan")[2] and the related *Disclosure Statement for the Debtors' Fourth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 845] (as modified, amended, or supplemented from time to time, the "Disclosure Statement");

C.     WHEREAS, on October 9, 2020 the Court entered the *Order (A) Approving the Disclosure Statement, (B) Establishing the Voting Record Date, Voting Deadline, and Other Dates, (C) Approving Procedures for Soliciting, Receiving, and Tabulating Votes on the Plan, and (D) Approving the Manner and Forms of Notice and Other Related Documents* [Docket No. 843] scheduling a hearing on November 10, 2020 at 1:30 p.m., prevailing Central Time, for the Court to consider confirmation of the Plan (the "Confirmation Hearing");

D.     WHEREAS, the Parties each desire to attempt to negotiate a consensual resolution of certain issues and disputes relating to the total enterprise value (the "Enterprise Value") of the Debtors in advance of the Confirmation Hearing in the hopes of reaching a consensual resolution of these chapter 11 cases; and

E.     WHEREAS, the Parties believe that mediation may assist in such efforts.

---

[2] Capitalized terms used but not defined herein have the meaning give to such terms in the Plan.

2

## ORDER

**NOW, THEREFORE,** in consideration of the foregoing recitals, which are incorporated into this order (this "Order"), the Court hereby orders as follows:

1. The Court authorizes and appoints the Honorable David R. Jones, United States Bankruptcy Judge for the Southern District of Texas, to serve as mediator (the "Mediator") in these chapter 11 cases and to conduct the mediation as set forth herein (the "Mediation").

2. The Mediation shall be held on a date selected by Judge Jones. Judge Jones will be serving in his capacity as a United States Bankruptcy Judge, with all of the privileges and immunities attached to such service.

3. The Mediator is authorized to mediate any issues and disputes concerning the Enterprise Value of the Debtors.

4. No later than November 6, 2020 at 5:00 p.m., prevailing Central Time, the Debtors shall deliver to the Mediator the following documents: (a) the Plan; (b) the Disclosure Statement and all exhibits thereto; (c) the Expert Report of James H. Baird, PJT Partners LP dated as of October 19, 2020; (d) the Expert Report of The Michel-Shaked Group dated as of October 19, 2020; (e) the Rebuttal Report of James H. Baird, PJT Partners LP dated as of October 26, 2020; and (f) the Expert Rebuttal Report of The Michel-Shaked Group dated as of October 26, 2020 (collectively, the "Background Documents"), with the representatives for the other Parties included in such correspondence.

5. Each of the Parties may share a confidential summary document, not to exceed three pages, expressing their views and arguments on the Enterprise Valuation of the Debtors (each, a "Summary Report," and together with the Background Documents, the "Permitted

Materials") by no later than November 6, 2020. Each Summary Report shall only be provided to the Mediator and shall not be shared with the other Parties.

6. No written materials or documents, other than the Permitted Materials, shall be prepared by the Parties unless otherwise requested by the Mediator.

7. The results of the Mediation are non-binding upon the Parties.

8. There shall be an absolute mediation privilege, and all communications made by a Party (a "Disclosing Party") in connection with the Mediation, including discussions or communications with or in the presence of the Mediator, shall be confidential, protected from disclosure (and shall not be disclosed) to other Parties (except as such Disclosing Party may agree) or to third parties (including holders of securities or claims for which the Party is acting in a representative or trustee capacity to the extent such holders are not themselves Parties), shall not constitute a waiver of any existing privileges and immunities, and shall not be used for any purpose other than the Mediation (the "Absolute Mediation Privilege"). Submissions by each Party (or any third party participant) to the Mediator, including correspondence, offers or counteroffers made in connection with the mediation, shall not be submitted to any other person or entity without the consent of the submitting Party (or any submitting third party participant). Nothing herein shall restrict any Party from providing its own Mediation submissions to any other Party. For the avoidance of doubt, the Parties shall not disclose to any court, including in any pleading or other submission to any court, any such discussions or communications made in connection with the Mediation, unless otherwise available to such Party and not subject to a separate confidentiality agreement or protective order which would prevent its disclosure. For the avoidance of doubt, and notwithstanding any

separate confidentiality agreements or confidentiality provisions in relevant credit agreements or indentures, all Parties participating in the Mediation shall comply with the terms of this Order and maintain the Absolute Mediation Privilege. The terms of this Order (as may be supplemented or amended by further orders), and not any separate confidentiality agreement or confidentiality provisions in relevant credit agreements or indentures, shall govern the protection of communications or discussions in connection with the Mediation.

9. All settlement proposals, counterproposals, and offers of compromise made during the Mediation (each, a "Settlement Proposal") shall (a) remain confidential unless the Party making such Settlement Proposal agrees to the disclosure of any such Settlement Proposal, (b) be subject to protection under Rule 408 of the Federal Rules of Evidence, and (c) shall not constitute material nonpublic information.

10. The Mediator shall be authorized to report to the Court on the good faith of any or all of the Parties.

11. The Parties are authorized and empowered to take all actions necessary to effectuate the relief granted in this Order.

12. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

13. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Signed: November 05, 2020

Marvin Isgur
United States Bankruptcy Judge

**STIPULATED AND AGREED TO THIS [5]TH DAY OF NOVEMBER 2020:**


/s/ *Matthew D. Cavenaugh*

| | |
|---|---|
| **JACKSON WALKER L.L.P.** | **KIRKLAND & ELLIS LLP** |
| Matthew D. Cavenaugh (TX Bar No. 24062656) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Kristhy M. Peguero (TX Bar No. 24102776) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Veronica A. Polnick (TX Bar No. 24079148) | Christopher Marcus, P.C. (admitted *pro hac vice*) |
| Victoria Argeroplos (TX Bar No. 24105799) | Aparna Yenamandra (admitted *pro hac vice*) |
| **JACKSON WALKER L.L.P.** | 601 Lexington Avenue |
| 1401 McKinney Street, Suite 1900 | New York, New York 10022 |
| Houston, Texas 77010 | Telephone:   (212) 446-4800 |
| Telephone:   (713) 752-4200 | Facsimile:   (212) 446-4900 |
| Facsimile:   (713) 752-4221 | Email:   joshua.sussberg@kirkland.com |
| | cmarcus@kirkland.com |
| | aparna.yenamandra@kirkland.com |
| Email:   mcavenaugh@jw.com | |
|    kpeguero@jw.com | -and- |
|    vpolnick@jw.com | |
|    vargeroplos@jw.com | James H.M. Sprayregen, P.C. |
| | 300 North LaSalle Street |
| | Chicago, Illinois 60654 |
| | Telephone:   (312) 862-2000 |
| | Facsimile:   (312) 862-2200 |
| | Email:   james.sprayregen@kirkland.com |
| *Co-Counsel to the Debtors and Debtors in Possession* | *Co-Counsel to the Debtors and Debtors in Possession* |

*-and-*

*/s/ John F. Higgins (w/p)*
**PORTER HEDGES LLP**

John F. Higgins
Aaron J. Power
1000 Main Street, 36th Floor
Houston, TX 77002
Telephone: (713) 226-6000
Email:  jhiggins@porterhedges.com
         apwower@porterhedges.com

**GIBSON, DUNN & CRUTCHER LLC**
Scott J. Greenberg
Matt J. Williams
Keith R. Martorana
Jeremy D. Evans
200 Park Ave.
New York, NY 10166
Telephone: (212) 351-4000
Email:  sgreenberg@gibsondunn.com
         mjwilliams@gibsondunn.com
         kmartorana@gibsondunn.com
         jevans@gibsondunn.com

*Counsel for the Ad Hoc Group of Term Loan Lenders*

*-and-*

*/s/ William R. Greendyke (w/p)*
**NORTON ROSE FULBRIGHT US LLP**

William R. Greendyke (SBT 08390450)
Jason L. Boland (SBT 24040542)
Bob B. Bruner (SBT 24062637)
Julie G. Harrison (SBT 24092434)
Fulbright Tower
1301 McKinney, Suite 5100
Houston, TX 77010
Telephone: (713) 651-5151
Email:
    william.greendyke@nortonrosefulbright.com
    jason.boland@nortonrosefulbright.com
    bob.bruner@nortonrosefulbright.com
    julie.harrison@nortonrosefulbright.com

*Co-Counsel for the Official Committee of Unsecured Creditors*

-and-

**PACHULSKI STANG ZIEHL & JONES LLP**
Jeffrey N. Pomerantz
Ira D. Kharasch
Paul J. Labov
Maxim B. Litvak (SBT 24002482)
Steven W. Golden (SBT 24099681)
10100 Santa Monica Blvd., 13th Floor
Los Angeles, CA 90067-4100
Telephone: (310) 227-6910
Email:  jpomerantz@pszjlaw.com
    ikharasch@pszjlaw.com
    plabov@pszjlaw.com
    mlitvak@pszjlaw.com
    sgolden@pszjlaw.com

*Lead Counsel for the Official Committee of Unsecured Creditors*