UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: ) | Case No. 4:20-bk-33900 |
| ) | (Chapter 11) |
| **TAILORED BRANDS, INC.** ) | |
| _____) | |

**MICHAEL HOFFMAN'S MOTION FOR LEAVE TO FILE A LATE PROOF OF CLAIM**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING.  UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**Hearings are conducted by telephone.  Arrangements may be made according to Judge Isgur's Court Procedure page on the Court's website, www.txs.uscourts.gov.**

COMES NOW Movant MICHAEL HOFFMAN through his undersigned counsel, and moves the court for an order permitting him to file a Late Proof of Claim in this case.  MICHAEL HOFFMAN states the grounds as follows:

1. Movant seeks to file a late claim on the grounds that the failure to file was the

result of inadvertence and excusable neglect by counsel.

2. <u>Factual Basis of Claim</u>:  Movant was an openly gay, over 40 years of age, employee of Debtor at its Mens Wearhouse retail store located in Cerritos, California and was later transferred to a store in Torrance, California, both of which are located in Los Angeles County.  He later was employed in Debtor's Mens Warehouse locations in Huntington Beach and Brea, California, both of which are in Orange County.  Debtor became the object of harassment in 2016 which was not addressed by the Debtor or Hoffman's immediate management.  As a result, he left employment despite a stellar record.  Later, in December 2016, he regained employment with Debtor at its Brea location.  While so employed, Movant suffered from a hostile work environment when repeated discriminatory, harassing and offensive comments were made about his sexual orientation by both fellow employees and store management.  In addition, he reported that an employee smoked marijuana while on duty and with customers.  He then transferred to Debtor's location in Orange, California.  Similar issues were encountered but never adequately resolved by Debtor or immediate management.

3. <u>Legal Basis of Claim</u>:  Movant alleges that he has claims against Debtor and others for discrimination based upon sexual orientation; harassment based on sexual orientation; discrimination based upon age; harassment based upon age; failure to prevent discrimination, harassment and retaliation; retaliation; wrongful termination of employment; whistleblower retaliation; intentional infliction of emotional distress; and defamation, all under California state law.

4. Movant timely filed a claim with the California Department of Fair Housing and Employment, and received a letter therefrom giving him the right to sue, as required by

California law.

5. <u>State Court Action</u>:  Movant filed an action in the Superior Court of California, County of Los Angeles on March 27, 2018 ("California Superior Court action"), Case No. BC 699909.  The complaint was served, and extensive litigation followed.  Movant's Third Amended Complaint withstood defendants' demurrers (similar to FRCP Rule 12(b)(6) motions).  Defendants filed a motion for Summary Judgment that will not be heard due to the Debtors' bankruptcy.  The Debtor filed a Notice of its bankruptcy in the Superior Court on August 5, 2020, and the case remains stayed.

6. <u>Bar Date Notice</u>:  A notice of bar date was sent by the Debtor to Hoffman at the address of his attorneys in the state court litigation.  Movant's state court counsel are not well versed in bankruptcy matters, but hired the undersigned counsel to assist them in responding to the bankruptcy of the Debtor.

7. <u>Actions in the Bankruptcy Court</u>:  On behalf of Hoffman, a motion for relief from the automatic stay was prepared which would permit Hoffman to continue his state court litigation against the Debtor.  The undersigned sought and was granted admission to this court *pro hac vice* and sought to be approved for electronic filing through the court's ECF system.  However, that process took nearly four weeks from the time of the *pro hac vice* application (September 30, 2020) until full filing credentials were granted (October 27).

8. <u>Motion for Relief from Stay</u>: The motion for relief from stay was filed that day.  It asked for relief so that the state law claim could be pursued in state court, with recovery limited to insurance, but reserving the right to file a proof of claim against the debtor.  Before the motion was filed, Movant's counsel pursued resolution of the issue

with Debtors' counsel, following Local Rule 4001-1(a)(1).

9. <u>The Pandemic</u>:  As a result of the coronavirus pandemic and state and local governmental responses thereto, access of counsel in the Los Angeles area to their offices, including electronic and paper files, software and other accoutrements, impacted the ability to practice law as in times past.  Software glitches impeded the transfer of files from office location to home location.

10. <u>Personal Affliction of Counsel</u>:  In addition, the undersigned counsel had two hand surgeries which necessitated general anaesthetics on both occasions.  Days were lost due to the surgery and recovery.  With the passage of time, there were lapses in memory.  Here, the signature on the proof of claim so that it could be assembled and filed is one of the things that was missed in the lapse of memory.  Counsel did not follow through with state court counsel to obtain her signature.

11. <u>Excusable Neglect and Inadvertence</u>: A Proof of Claim was prepared and sent to state court counsel for review and signature.  However, she was not in the office due to her recent marriage and honeymoon, and returned to her office with a mountain of emails awaiting her.  Undersigned counsel did not receive a signature, but also did not remind her that a signature was required.  The matter was left undone.  The failure to file a timely proof of claim is the result of excusable neglect on the part of counsel for the Movant.  Equity permits the late filing of proofs of claim where excusable neglect is shown, <u>Pioneer Investors Services Co. v. Brunswick Associates. Limited. Partnership</u>, 507 U.S. 380, 113 S Ct 1489 (1993).

12. <u>Balance of the Hardships</u>:  The hardship to Movant outweighs the burden upon the Debtors and its estate.  Movant loses his claim to discharge if this motion is

denied.  If granted, he will still have to prove his claim and the amount will have to be liquidated.  The Debtors will have one more claim to adjust, but it is early in the case and resolution of this claim does not threaten to delay distributions.  This motion is timely, filed just days after the Debtors pointed out the failure to file the proof of claim.

13.   <u>Informal Proof of Claim</u>: The motion for relief from stay provided notice to the Debtors that Movant had a claim that was being asserted against the estate. Debtors were not surprised by this motion seeking permission to file a late claim.

14.   This is not a case of sloth; it is a matter of inadvertence where that which was started was not completed.

15.   Attached hereto as Exhibit 1 is a true copy of the Proof of Claim that Movant seeks permission to file. Attached as Exhibit 2 is a true copy of Movant's Motion for Relief from Stay that was filed in this case.

Wherefore, Movant prays that he be permitted to file a late proof of claim in this Chapter 11 case.

DATED: December 18, 2020

/s/ Richard T. Baum
_____
RICHARD T. BAUM,
11500 West Olympic Boulevard, Suite 400
Los Angeles, California 90064
310.277.2040 | fax: 310.286.9525
rickbaum@hotmail.com
Attorney for Movant Michael Hoffman

## **MEMORANDUM OF POINTS AND AUTHORITIES**

This motion seeks permission to file a late claim on the grounds that the failure to file was the result of inadvertence and excusable neglect. A claim was timely prepared, but fell into the cracks between two lawyers' offices, exacerbated by the coronavirus pandemic. Debtors were aware that a claim would be coming due to a motion for relief from stay which was filed by Movant. In fairness and equity, Movant should be permitted to file his proof of claim and be considered as part of the claims process.

### **STATEMENT OF FACTS**

Movant MICHAEL HOFFMAN filed a lawsuit against Mens Wearhouse[1] in the Los Angeles Superior Court in California alleging claims for discrimination based upon sexual orientation; harassment based on sexual orientation; discrimination based upon age; harassment based upon age; failure to prevent discrimination, harassment and retaliation; retaliation; wrongful termination of employment; whistleblower retaliation; intentional infliction of emotional distress; and defamation, all under California state law. He filed a claim with the California Department of Fair Housing and Employment, and received a letter therefrom giving him the right to sue, as required by California law.

The litigation was vigorously contested by Debtor. Movant's Third Amended Complaint withstood attack by demurrer (akin to Rule 12(b)(6) motions to dismiss). The parties engaged in substantial discovery, and Debtor's motion for summary judgment

---

[1] Mens Wearhouse and its affiliates are referred to as "Debtor" herein and it is meant to include the post-petition estate which will manage and pay pre-petition claims.

was pending at the time the Petition was filed.

Debtor filed a motion for the setting of a bar date for filing of proofs of claim within days of the Petition Date, and obtained a bar date of October 7, 2020, sixty-four days from the order. Notice as sent to Movant's state court counsel who retained the undersigned attorney to proceed with the filing of a motion for relief from stay. The docket was reviewed to determine the status of the case–over 750 docket entries in the first 60 days of the case made a cumbersome task. The Debtor's schedules were reviewed which showed that there might be insurance that would provide coverage for Movant's claims.

During this time, two things were proceeding. Pursuant to Local Rule 4001-1(a)(1), discussions were undertaken with Debtor's counsel regarding the motion for relief from stay. Most discussions were by email exchange, but some were telephonic. As a result, Movant discovered that there was a self insured retention provision in the insurance policy, and that the Debtor had expended only $320,000$^2$.

At the same time, counsel made an application to the court for admission pro hac vice, and sought permission to use the court ECF filing system. The pro hac vice application was cumbersome as it was not clear that the application is filed on paper, not electronically, and that issuance of filing credentials was dependent upon admission. In addition, it took another two weeks to get permission for filing of all documents. Hence, the motion for relief from stay was not filed until late October.

While all this was going on, all of Hoffman's counsel were impeded in their practice of law by the pandemic related governmental restrictions which limited their

---

$^2$This is a round number. The precise number was not disclosed, nor was it requested.

ability to get to their offices where hardware, software, paper and electronic files, et al. were located. Software glitches tied up file access and transfer between the offices and the remote locations.

In addition, the undersigned counsel had two surgeries on his hand both of which required general anaesthetics. Days were lost to recovery, and, more critically, there was probable impairment of memory. Movant's state court counsel was married during this time and was away from the office on her honeymoon, leading to a delay in communication.

A proof of claim form was timely prepared and sent for signature, but was not returned, and without the follow up to ensure it was signed and returned so necessary attachments could be made and then filed.

Movant filed a motion for relief from the Automatic Stay to permit the continuation of the state court litigation, pursue insurance proceeds, and, if necessary, file a proof of claim in this estate. The motion was heard on December 4, and continued to January 29, 2020 at 9:30.

## A CLAIM MAY BE FILED LATE IF THE UNTIMELINESS WAS DUE TO EXCUSABLE NEGLECT

The claims allowance process is an integral component of the court's equitable power to restructure debtor-creditor relationships. In re Dana Corp., Case No. 06-10354 (BRL), 2007 WL 1577763, (Bankr SD NY 2007) (citing In re Best Products Co., Inc., 140 B.R. 353, 356 (Bankr SD NY 1992)). "Nothing is more directly at the core of bankruptcy administration ... than the quantification of all liabilities of the debtor." See

S.G. Phillips Constrs., Inc. v. City of Burlington (In re S.G. Phillips Constrs., Inc.), 45 F3d 702, 705 (2d Cir. 1995)

The Court may allow a late-filed proof of claim if the creditor's failure to file a timely proof of claim was the result of excusable neglect on the part of the creditor and its counsel. Federal Rules of Bankruptcy Procedure Rule 9006(b)(1); Pioneer Investors Services Co. v. Brunswick Associates. Limited. Partnership, 507 U.S. 380, 397, 113 S Ct 1489 (1993).  "Neglect" implies carelessness or simple negligence; it does not require showing that an event occurred beyond a party's control, Ibid.  The analysis of excusable neglect is no different than the standard enunciated by Federal Rules of Bankruptcy Procedure Rule 9024 which, with a few exceptions not relevant here, incorporates Federal Rules of Civil Procedure Rule 60(b) (a court may grant relief from an order or proceeding for "(1) mistake, inadvertence, surprise, or excusable neglect.")

"Excusable" is a determination that the Supreme Court said that Congress left to the courts.  "[T]he determination is at bottom an equitable one, taking into account all relevant circumstances surrounding the omission.  These include ...

– the danger of prejudice to the debtor;

– the length of the delay and its potential impact on judicial proceedings;

– the reason for the delay, including whether it was within the reasonable control of the movant;

– whether the movant acted in good faith."

Pioneer Investment Services Co. v Brunswick Associates, Ltd. Partnership, 507 US 380, 385, 113 S Ct 1489 (1993) (indents added), quoting In re Dix, 95 BR 134, 138 (Bankr Cir 9th 1988) in turn quoting In re Magouirk, 693 F 2d 948, 951 (9th Cir 1982).

In applying the excusable neglect standard, the Court must consider "all relevant circumstances surrounding the party's omission. Examination of these factors shows that the claim may be late-filed.

 **Prejudice.**  This factor weighs heavily in favor of allowing the claim to be late-filed.  The Movant will be denied any recovery on a claim he has been actively litigation in another forum for over two years.  The Debtor has ample reserves, and there is insurance if the self-insured retention is exhausted.  The presence of insurance limits the exposure of the estate from which claims will be paid.  Furthermore, there has been a short period between the bar date, the effective date following confirmation, and, on the other hand, this motion.  The Debtor will not be injured.

 **Timeliness of the Motion.**  This factor again weighs in favor of Movant.  This motion is made two and a half months after the expiration of a bar date which was set in the first days of this Chapter 11 case.  It was made less than a month after confirmation of the plan discharged the claim, and the Debtors pointed out the failure to file a Proof of Claim.  It is unknown if the Debtors have commenced distributions pursuant to the plan, but it is unlikely since that usually occurs after claims have been examined and objections resolved.

 **Excusable Neglect.**  The key question is whether there was a good reason for not filing a timely proof of claim.  A proof of claim form was prepared timely.  It was sent to state court counsel for review and signature.  Unfortunately that corresponded with her marriage and honeymoon.  It received the attention it deserved at that time: none.  Upon return a mountain of emails awaited and this one slipped through the cracks.

 At the same time, undersigned counsel underwent two surgeries requiring

general anaesthetics. He was out of the office and not attending to legal business for a couple of days after the surgery, and there may have been some memory impairment whereby he did not follow up with state court counsel for a signature.

During the entirety of this period, the coronavirus pandemic embroiled the world in a once-in-a-century disruption of normal life and routines. Work done at the office was being done at home. Not all of the software worked as it should, and there were failures to transfer information between office and home.

The failure to timely file a proof of claim was a breakdown in communication between counsel. It was a matter of inadvertence, not of sloth.

**Good Faith.** Here, Movant initially sought to fulfill his obligation to resolve the relief from stay motion informally, before the filing of that motion. The discussions were largely conducted by email, and both parties attempted to reach an accord. This delayed the filing of the motion for relief, but put the Debtor on notice that a claim was being asserted by Movant. Movant was not informed in that process that the bar date was approaching or that a proof of claim must be filed before the bar date in order to preserve the claim. It is certainly true that Debtor gave notice of the bar date at the beginning of the case, but it did not repeat that notice informally. The first assertion that a claim had not been timely filed occurred in the hearing of the motion for relief from stay on December 4, 2020.

**Meritorious Claim.** In a Rule 60(b)(1) motion, a party seeking relief from default must show that he has a meritorious defense, <u>Jones v Phipps</u>, 39 F3d 158 (7th Cir 1994). The movant must show that the defense proffered, if proven, would constitute a defense to the action. Likelihood of success is not the standard, <u>Securities & Exchange</u>

Commission v McNulty, 137 F3d 732 (2nd Cir, 1998). Under this Rule 9006(b)(1) motion, the court examines the nature of the claim and whether it sets forth a colorable claim against the Debtor. The state court overruled demurrers to Movant's Third Amended Complaint. The case has been fiercely litigated for two years, and Debtor/Defendant's motion for summary judgment was pending at the Petition Date. Movant's claim is tort based, and as such is almost wholly unliquidated. The exact amount is subject to appraisal by a court. All of these show that the claim has significant merit both for the Debtor's liability and the extent of damages, hence the amount of the claim.

For all of these reasons, the court should grant the motion and allow Movant to file his proof of claim

## HOFFMAN'S MOTION FOR RELIEF FROM STAY OPERATES AS AN INFORMAL PROOF OF CLAIM

Courts have long recognized the concept of informal proofs of claim where a creditor evidences intent to state a claim against an estate, but where the filings fail to conform to the technical requirements of a proof of claim. See In re M.J Waterman & Assoc., 227 F.3d 604, 608 (6th Cir. 2001); In re Operation Open City, Inc., 148 B.R. 184, 189 n. 5 (Bankr. S.D.N.Y. 1992). The essence of recognition of an informal proof of claim is the inherent equitable power of bankruptcy courts.

Whether a filed document constitutes an informal proof of claim depends upon whether it makes a demand upon the estate and expresses an intent to hold the estate liable. See In re Fink, 366 B.R. 870, 878-79 (Bankr. N.D. Ind. 2007); see also Wilkens

v. Simon Brothers, Inc., 731 F.2d 462, 465 (7th Cir. 1984) ("The general rule is that a claim arises where the creditor evidences an intent to assert its claim against the debtor.)  Stated another way, the question is whether the supposedly informal proof of claim asserts a claim against the estate and an intent to share in a distribution of its assets. In re Donovan Wire & Iron, 822 F.2d 38, 39 (8th Cir. 1987); see also In re International Horizons, Inc., 751 F.2d 1213, 1217 (5th Cir. 1985) ("An informal claim may be asserted, if it can be at all, only when it is apparent that the creditor intends to seek recovery from the estate").

The filing must: (1) have been timely filed with the bankruptcy court and have become part of the judicial record; (2) state the existence and nature of the debt; and (3) state the amount of the claim against the estate, and (4) evidence the creditor's intent to hold the debtor liable for the debt. In re Enron Corp., 370 B.R. 90, 99 (Bankr. SD NY 2007) (citing Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.), 190 B.R. 185, 187 (Bankr SD NY 1995).

A motion to lift the stay may be considered an informal proof of claim where the motion sufficiently states "an explicit demand showing the nature and amount of the claim against the estate and evidences an intent to hold the debtor liable." In re Pizza of Hawaii, Inc., 761 F.2d 1374, 1382 (9th Cir. 1985) (citing In re Sambo's Restaurants, Inc., 754 F.2d 811, 816 (9th Cir.1985).  Here, the motion for relief from stay was the subject of much negotiation before it was filed as required by Local Rule 4001-1(a)(1). The filing was delayed by glitches in the court's ECF system.  The motion states the grounds upon which the claim is made, i.e., employment claims based upon harassment and discrimination.  The motion clearly indicates that the claim is

unliquidated and does not name a figure.  The motion for relief from stay, and in its conclusion, asked for relief from stay to pursue insurance proceeds, "except Movant will retain the right to file a proof of claim under 11 USC § 501 and/or an adversary complaint under 11 USC § 523 in the bankruptcy case."  There is a clear intention to hold the estate liable for the debt.

## CONCLUSION

In short, equity regards as done what ought to be done.  It aids the vigilant, not the indolent.  Equity abhors a forfeiture.  As a court of equity, all of these established maxims apply and argue in favor of the granting of the motion.

Wherefore, Movant MICHAEL HOFFMAN prays that the court permit him to file a late proof of claim.

DATED: December __, 2020

/s/ Richard T. Baum
_____
RICHARD T. BAUM,
11500 West Olympic Boulevard, Suite 400
Los Angeles, California 90064
310.277.2040 | fax: 310.286.9525
rickbaum@hotmail.com
Attorney for Movant Michael Hoffman

## DECLARATION OF RICHARD T. BAUM

I, RICHARD T. BAUM, declare:

1. I am an attorney admitted to practice in California and New York. I am permitted to practice pro haec vice in this court in this case. I am attorney for Movant Michael Hoffman in this bankruptcy case.

2. In 2018, Mr Hoffman filed an action in the Los Angeles Superior Court briefly entitled <u>Hoffman v Mens Wearhouse</u>, Case No. BC 699 909, which alleges claims for discrimination based upon sexual orientation; harassment based on sexual orientation; discrimination based upon age; harassment based upon age; failure to prevent discrimination, harassment and retaliation; retaliation; wrongful termination of employment; whistleblower retaliation; intentional infliction of emotional distress; and defamation, all under California state law. The complaint was served, and extensive litigation followed. Movant's Third Amended Complaint withstood defendants' demurrers (similar to FRCP Rule 12(b)(6) motions) (a true copy is attached as Exhibit 1). The case was extensively litigated (a true copy of the Los Angeles Superior Court's Case Information Report which reflects the names of the documents filed withe court is attached as Exhibit 2). Defendants' Motion for Summary Judgment is scheduled for hearing on November 24, 2020 and a jury trial is set for January 19, 2021, though current practice does not see jury trials going forward until September 2021 at the earliest  The Debtor filed a Notice of its bankruptcy in the court on August 5, 2020, and the case remains stayed.

3. As a practitioner in Los Angeles, I was impacted by the response of the State of California and the County of Los Angeles to the coronavirus pandemic. Stay-at-

home orders were issued which asked people to stay at home, to not go to the office, to avoid crowds.  The courts were closed or were operating by telephone.  There were a number of times that I did not go to my office and worked from home.  I was handicapped by slow internet connections, by the fact that my paper files were at my office, and that the electronic files were many times inaccessible due to software glitches on either my computer at home or at the office.

     4.  On September 11, 2020, I prepared a proof of claim on the approved form for Mr Hoffman.  I sent that claim to his state court counsel, Taylor Prianito, since she had personal knowledge regarding his claim.  She had spoken with him, conducted discovery, and had litigated the case.  However, she had just gotten married and was taking personal time for her honeymoon.  She did not return a signature at that time, and undoubtedly returned to find a mountain of emails awaiting her.  At about that same time, I had two surgeries on my left hand.  Both procedures required general anaesthetics which caused me to lose time at the practice of law, and which left me without much vigor for work at home.  I lost track of the proof of claim in my mind.  I was a bit hazy from the surgeries.  Unfortunately, I did not get the form back, and the filing of it slipped my attention.

     5.  I prepared a motion for relief from the automatic stay, and as part of that process, I corresponded by email and spoke with Debtors' counsel in an effort to avoid the need for the motion as was my duty under Local Rule 4001-1(a)(1).  During all of those correspondence and conversations no one raised with me the fact that there was a bar date and that a proof of claim had not been filed.  This would have reminded me instantly to check and see what needed to be done.

6. The motion for relief from stay requests relief to permit Movant to continue litigation in the Los Angeles Superior Court to liquidate his claim, to pursue insurance proceeds, and to file a proof of claim if the recovery is not fully paid by insurance. It seeks to hold the Debtor liable for the claim.

7. Attached hereto as Exhibit 1 is a true copy of the Proof of Claim that Movant seeks permission to file. Attached as Exhibit 2 is a true copy of the Proof of Claim form which I prepared and sent state court counsel on September 11, 2020. Attached as Exhibit 3 is a true copy of Movant's Motion for Relief from Stay that was filed in this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 18th day of December 2020, at Los Angeles, California.

/s/ Richard T. Baum
_____
RICHARD T. BAUM

## DECLARATION OF TAYLOR PRIANITO

I, TAYLOR PRIANITO, declare:

1. I am an attorney admitted to practice in California. I am attorney for Movant Michael Hoffman in his lawsuit against Mens Wearhouse filed in the Superior Court of California, County of Los Angeles on March 27, 2018, Case No. BC 699909.

2. Since March 2018, I have handled Plaintiff, Michael Hoffman's ("Plaintiff" or "Mr. Hoffmann") case as the primary attorney of record. Never, in the course of two plus (2+) years of litigation, have I missed an important deadline related to this case.

3. On or around August 21, 2020, after Defendants Tailored Brands/The Men's Wearhouse filed for bankruptcy, my office hired Mr. Richard Baum, Esq. ("Mr. Baum") to handle matters related to the bankruptcy to protect Mr. Hoffmann's lawsuit and interests and the interests of my law firm which has dedicated significant time and money to his case. I did this because I have never practiced bankruptcy law, and have little to no knowledge of this area of practice.

4. I informed Mr. Baum of my lack of knowledge of bankruptcy law, but expressed our goals in hiring him. I told Mr. Baum that we wanted to pursue Mr. Hoffman's claims in the best way forward. Based on our conversations, my understanding was that the best way to accomplish our goal was through a Motion from Relief of Stay.

5. In or around August 25, 2020, I received mail related to Tailored Brands bankruptcy, including information regarding how to file a proof of claim. Upon receipt, I forwarded the documents to Mr. Baum. On that date, Mr. Baum then asked me for

some additional information including the estimated value of the claim. Mr. Baum also again recommended we file a Motion from Relief of Stay, which I approved.

6. In late August, I informed Mr. Baum that I would be out of the office and unavailable because I was getting married on August 28, 2020 and taking a short honeymoon in early September.

7. In December 2020, I first became aware that Mr. Baum sent me an e-mail on September 11, 2020, Mr. Baum sent an e-mail requesting me to review and sign the proof of claim he prepared. I have no recollection of receiving this email prior to December 2020, I did not respond to this email and was never prompted to do so by Mr. Baum.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 18th day of December 2020, at Los Angeles, California.

/s/ Taylor Prianito
_____
TAYLOR PRIANITO