# EXHIBIT 2

**Fill in this information to identify the case:**

Debtor 1    THE MEN'S WEARHOUSE, INC.

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court for the:   Southern District of Texas

Case number    4:20-bk-33911

---

Official Form 410

# Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

---

## Part 1:   Identify the Claim

**1. Who is the current creditor?**

MICHAEL HOFFMAN

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes.  From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

| Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|
| RICHARD T. BAUM | Southern California Labor Law Group |
| Name | Name |
| 11500 West Olympic Blvd, Suite 400 | 1875 Century Park East, Suite 480 |
| Number      Street | Number      Street |
| Los Angeles      CA      90064 | Los Angeles      CA      90067 |
| City      State      ZIP Code | City      State      ZIP Code |
| Contact phone  310.277.2040 | Contact phone  424.231.2366 |
| Contact email  rickbaum@hotmail.com | Contact email  tprainito@scllgpc.com |

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

__ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __

**4. Does this claim amend one already filed?**

☑ No
☐ Yes.  Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes.  Who made the earlier filing? _____

---

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☑ No

☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: ____  ____  ____  ____

**7. How much is the claim?**

$_____5,000,000.00_. **Does this amount include interest or other charges?**

☑ No

☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.

Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).

Limit disclosing information that is entitled to privacy, such as health care information.

sexual orientation based discrimination and harassment; retaliation

**9. Is all or part of the claim secured?**

☑ No

☐ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☐ Motor vehicle

☐ Other. Describe: _____

**Basis for perfection:** _____

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of property:** $_____

**Amount of the claim that is secured:** $_____

**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition:** $_____

**Annual Interest Rate** (when case was filed)_____%

☐ Fixed

☐ Variable

**10. Is this claim based on a lease?**

☑ No

☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $_____

**11. Is this claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☑ No

☐ Yes. *Check all that apply:*

| | Amount entitled to priority |
|---|---|
| ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies. | $ _____ |

\* Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment.

---

## Part 3:   Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   09/14/2020
MM / DD / YYYY

_____
Signature

Print the name of the person who is completing and signing this claim:

Name     TAYLOR PRIANITO
First name          Middle name          Last name

Title     Attorney

Company     Southern California Labor Law Group
Identify the corporate servicer as the company if the authorized agent is a servicer.

Address     1875 Century Park East, Suite 480,
Number     Street

Los Angeles          CA          90067
City          State          ZIP Code

Contact phone     424.231.2366          Email tprainito@scllgpc.com

# EXHIBIT 3

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF TEXAS
HOUSTON DIVISION**


In re:                                      )        Case No. 4:20-bk-33900
                                            )        (Chapter 11)
**TAILORED BRANDS, INC.**                   )
_____)


MOTION FOR RELIEF FROM THE AUTOMATIC STAY (11 USC §362(a)) TO PERMIT
STATE COURT LITIGATION FOR THE PURPOSE OF LIQUIDATING MOVANT'S
LABOR LAW CLAIM AND RECOVERING FROM DEBTOR'S INSURER

> *This is a motion for relief from the automatic stay. If it is granted,
> the movant may act outside of the bankruptcy process. If you do not
> want the stay lifted, immediately contact the moving party to settle.
> If you cannot settle, you must file a response and send a copy to the
> moving party at least 7 days before the hearing. If you cannot settle,
> you must attend the hearing. Evidence may be offered at the hearing
> and the Court may rule.*
>
> *Represented parties should act through their attorney.*
>
> *There will be a hearing on this matter on November 13, 2020 at 9:00 a.m.
> at the United States Courthouse,* Courtroom 404, 515 Rusk, Houston, TX
> 77002.  Hearings are conducted by telephone.  Arrangements may be
> made according to Judge Isgur's Court Procedure page on the Court's
> website, www.txs.uscourts.gov.


        COMES NOW Movant MICHAEL HOFFMAN through his undersigned counsel,

and moves the court for an order for relief from the automatic stay to permit the

continuance of labor law litigation in the Superior Court of the State of California for the

County of Los Angeles, Case No BC 699909, in order to liquidate the claim, pursue

recovery from Debtor's insurer, and file a proof of claim for any deficiency.  HOFFMAN

alternatively requests relief from stay to permit the hearing of Debtor's Motion for

Summary Judgment in the Los Angeles Superior Court case along with the steps necessary for defense of that motion including the taking of depositions of Debtor's employees, the filing of written opposition, the submission of oral arguments, and any steps concomitant thereto.

MICHAEL HOFFMAN states the grounds as follows:

1.  Movant was an openly gay, over 40 years of age employee of Debtor at its Mens Wearhouse retail store located in Cerritos, California and was later transferred to a store in Torrance, California, both of which are located in Los Angeles County.  He later was employed in Debtor's Mens Warehouse locations in Huntington Beach and Brea, California, both of which are in Orange County.  Debtor became the object of harassment in 2016 which was not addressed by the Debtor or Hoffman's immediate management.  As a result, he left employment despite a stellar record.  Later, in December 2016, he regained employment with Debtor at its Brea location.  While so employed, Movant suffered from a hostile work environment when repeated discriminatory, harassing and offensive comments were made about his sexual orientation by both fellow employees and store management.  In addition, he reported that an employee smoked marijuana while on duty and with customers.  He then transferred to Debtor's location in Orange, California.  Similar issues were encountered but never adequately resolved by Debtor or immediate management.

2.  Movant alleges that he has claims against Debtor and others for discrimination based upon sexual orientation; harassment based on sexual orientation; discrimination based upon age; harassment based upon age; failure to prevent discrimination, harassment and retaliation; retaliation; wrongful termination of

employment; whistleblower retaliation; intentional infliction of emotional distress; and defamation, all under California state law.

3.   Movant timely filed a claim with the California Department of Fair Housing and Employment, and received a letter therefrom giving him the right to sue, as required by California law.

4.   Movant filed an action in the Superior Court of California, County of Los Angeles on March 27, 2018 ("California Superior Court action"), Case No.  BC 699909. The complaint was served, and extensive litigation followed.  Movant's Third Amended Complaint withstood defendants' demurrers (similar to FRCP Rule 12(b)(6) motions). Defendants' Motion for Summary Judgment is scheduled for hearing on November 24, 2020 and a jury trial is set for January 19, 2021, though current practice does not see jury trials going forward until September 2021 at the earliest  The Debtor filed a Notice of its bankruptcy in the court on August 5, 2020, and the case remains stayed.

5.   The Los Angeles County Superior Court has restarted operations to a substantial extent, and Movant wishes to pursue his claims in that court.  His claims are unliquidated at this time, and involve personal injuries suffered by him.

6.   Pursuant to Local Rule 4001-1(a)(1), the undersigned attorney sent emails to Debtor's counsel seeking to resolve the matter without need for court hearing.  Debtor responded that there was a self-insured retention of $500,000 which, it claimed, had not been fully met (about $180,000 remained).  Therefore, the Debtor was not prepared to agree to lift the stay.  Movant responded that the case had been very extensively and intensively litigated, with multiple demurrers (aka motions to dismiss), amended pleadings, discovery, discovery disputes and motions filed and responded to.  The

debtor's motion for summary judgment, expert retention and a trial are looming.

Movant proposed allowing the motion for summary judgment to go forward since only

one deposition needed to be taken.  If granted, the motion would liquidate the claim.  If

denied, the parties could determine where they are at that time: Has the Debtor

confirmed a plan?  What steps remain before plan confirmation?  How does the plan

treat claimants such as Movant?  How is the Insured Retention on the insurance policy

handled?  Among other questions.  This proposal was rejected by the Debtor.

7.    The hardship to Movant outweighs the burden upon the Debtor and its estate.

Movant is delayed in seeking justice for the trauma and indignities that he suffered.  He

and his legal team are ready to proceed through the final stages of pre-trial, and then to

trial.  Debtor has counsel that it retained long ago who has provided it with a substantial

defense, and who is intimately familiar with the case.  The self-insured retention on the

insurance policy providing coverage largely but not entirely exhausted, placing little

financial burden on an estate with over $100-million in scheduled assets.  There is one

deposition that needs to be taken and does not involve any person who is involved in

the reorganization process, and it would not require significant interaction with others

involved in the reorganization process.  In balance, the hardships are far greater in

keeping the stay in place than granting Movant the relief he prays.

8.    Attached hereto as Exhibit 1 is a true copy of the Third Amended Complaint

he filed.  Attached hereto as Exhibit 2 is a true copy of the case information report from

the Superior Court's website showing the activity which has taken place in the case

since its inception.  Attached hereto as Exhibit 3 is the email trail of correspondence

between counsel seeking to resolve the matter without resort to filing this motion.

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**"CAUSE" EXISTS TO TERMINATE THE AUTOMATIC**

**STAY TO PERMIT PROSECUTION TO JUDGMENT**

**IN THE CALIFORNIA SUPERIOR COURT**

A motion for relief from stay to permit the continued prosecution of a non-bankruptcy action is typically brought on the grounds that "cause" exists under Bankruptcy Code §362(d)(1).  Because that section does not provide a definition as to what constitutes "cause" for granting relief from stay, courts must determine when discretionary relief is appropriate on case-by-case basis,  <u>In re Tucson Estates, Inc.</u>, 912 F 2d 1162 (9th Cir. 1990).  It  is a flexible concept, and courts often conduct a fact-intensive, case-by-case balancing test, examining totality of the circumstances, to determine whether sufficient "cause" exists to lift automatic stay. <u>In re Tribune Co.</u>, 418 BR 116, (Bankr  D Del. 2009).  Where the suit involves exclusively questions of state law or much of the litigation has already taken place in state court, the bankruptcy court should lift the stay to let the state action proceed to judgment. <u>In re Castlerock Properties</u> (9th Cir 1986) 781 F2d 159, 163.

In determining "cause", bankruptcy courts have utilized the test formulated by the court in <u>In re Curtis</u>, 40 BR 795 (Bankr D Utah 1984) and subsequently adopted by the Second Circuit in <u>In re Sonnax, Indus., Inc.</u>, 907 F.2d 1280, 1286 (2d Cir.1990).  These non-exclusive factors are:

"1. Whether the relief will result in a partial or complete resolution of the issues;

2. The lack of any connection with or interference with the bankruptcy case;

3. Whether the foreign proceeding involves the debtor as a fiduciary;

4. Whether a specialized tribunal has been established to hear the particular cause of action and whether that tribunal has the expertise to hear such cases;

5. Whether the debtor's insurance carrier has assumed full financial responsibility for defending the litigation;

6. Whether the action essentially involves third parties, and the debtor functions only as a bailee or conduit for the goods or proceeds in question;

7. Whether the litigation in another forum would prejudice the interests of other creditors, the creditors' committee and other interested parties;
8. Whether the judgment claim arising from the foreign action is subject to equitable subordination under Section 510(c);

9. Whether movant's success in the foreign proceeding would result in a judicial lien avoidable by the debtor under Section 522(f);

10. The interests of judicial economy and the expeditious and economical determination of litigation for the parties;

11. Whether the foreign proceedings have progressed to the point where the parties are prepared for trial, and

12. The impact of the stay on the parties and the 'balance of hurt'".
Curtis, Id, at 799-800.

Not all of the twelve Curtis factors are relevant in every case, In re Plumberex

Specialty Products, Inc. (Bankr CD Cal. 2004) 311 BR 551, 560. Analysis of several

factors here shows that cause exists to permit the California Superior Court action to go

forward.

1.  <u>Complete or Partial Resolution of Issues</u>: The California Superior Court action will make findings which will liquidate Movant's claim.  Further, to the extent the claims are non-dischargeable, the California court can make findings consistent with Section 523(a)(6) to aid in the determination of those claims.

2.  <u>Connection or Interference With This Bankruptcy Case</u>: As with anything else in life, there will always be connections between seemingly isolated events.  If stay relief is granted, the Debtor will be required to defend itself in the California Superior Court. There will be some cost to the Debtor in employing counsel.  Movant is entitled to a jury trial which is not available in the bankruptcy court but which is available in the Superior Court. When reduced to judgment, the claim will be liquidated.  Little more will remain for this court to do with that claim.

3 .  <u>Judicial Economy</u>: Movant will go to trial in the California Superior Court regardless of what is done here.  There are other Defendants against whom he must proceed. However, if relief from stay is denied, Movant will have to try the same case twice, subpoena the same witnesses twice, introduce the same evidence twice, spend substantial sums on lawyers twice.  If the stay is terminated, all facets of the case will be tried at one time.  In addition, if Debtor is not a party to the trial, the other Defendants will point at the "empty chair" in order to deflect culpability. This is unfair to Movant.

As for the Debtor, the individual defendants are/were its employees.  The defense of these individuals may be obtained on the same budget as defense of the Debtor.  If relief from stay is denied, the Debtor will nonetheless be required to provide information and evidence.  Thus, the Debtor will incur substantial cost even if relief is

denied.  If granted, it will incur costs in defending itself in the California Superior Court, but, as noted above, the non-dischargeability issues will be narrowed, thereby reducing the costs on the Debtor.

4 .  <u>Trial Readiness</u>: The California Superior Court case is less than four months away from its scheduled trial date, and a few weeks from hearing of a motion for summary judgment.  That motion will determine the immediate course of this action.  If denied in whole or in part, the case is ready to proceed to trial.

5 .  <u>The Balance of the "Hurt"</u>: The Debtor will have to defend itself in the Superior Court either as a defendant or a party whose testimony must be carefully watched.  It may owe a defense to its employees, thereby placing little additional burden upon it. If relief from stay is denied to Movant, he will have to try the same case in two different courtrooms at two different times.  This is the definition of the lack of judicial economy.  The Debtor will have a two-forum burden:  it will be a witness if relief is denied but may still bear the cost burden of defending its employees, and will be a party if relief is granted.  Its burden is one of its own making and should not force more upon Movant by requiring him to try the same case twice.

In short, good cause exists that the automatic stay should be lifted to permit the case to go forward in the California Superior Court, and if appropriate, that any judgment in favor of Movant be paid from the applicable insurance carried by the Debtor.

**MANDATORY ABSTENTION APPLIES TO THE**

**CALIFORNIA SUPERIOR COURT ACTION**

**THUS RELIEF FROM STAY SHOULD BE GRANTED**


Another consideration is whether abstention applies to the case.  If the court would be required to abstain from hearing the California Superior Court case in this court, the non-bankruptcy court would be the ideal place to adjudicate the dispute. Under 28 USC §1334(c)(2),

> "Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction."

The California Superior Court action was filed before this case, and is not within this court's subject matter jurisdiction since it is only related to the bankruptcy case. It could not have been filed in Federal court since a federal question is not involved and there is no diversity of citizenship.  It is entirely based upon state law causes of action, none of which are core claims.  As such, mandatory abstention may apply.  Five requirements must be met before bankruptcy court will be required to abstain from hearing a claim under mandatory abstention provision: (1) motion for abstention must

have been timely filed; (b) claim must be based on state law; (3) claim must neither be based on bankruptcy law nor have arisen in bankruptcy case; (4) claim must not have been capable of being filed in federal court absent bankruptcy jurisdiction, and (5) claim must be capable of being timely adjudicated in state court.  Bally Total Fitness Corp. v. Contra Costa Retail Center, (Bkrtcy ND Cal 2008), 384 BR 566.  Here, this motion is filed within weeks of the commencement of the case.  The claims are entirely based on state law torts.  None of those claims are based upon bankruptcy law nor arose in this bankruptcy case.  As shown above, there is no basis for federal subject matter jurisdiction.  On all of those grounds, mandatory abstention applies, and the Court should allow the California Superior Court case to proceed.

Even where mandatory abstention applies to a claim, the court is not required to grant relief from the automatic stay on that basis alone, In re Conejo Enterprises, Inc., 96 F 3d 346 (9th Cit 1996).  The decision remains within the discretion of the bankruptcy court.  Many, if not all, of the factors set forth above apply in cases where mandatory abstention applies.  However, where the action is ready for trial where it has been pending for two years, now is a good time to proceed.

## CONCLUSION

For all of these reasons, Movant prays that the court grant him relief from the stay to pursue the California Superior Court action to judgment against the Debtor and to collect any insurance available on behalf of the debtor, but that the stay will remain in effect as to enforcement of any resulting judgment against the Debtor or the estate, except that Movant will retain the right to file a proof of claim under 11 USC § 501

and/or an adversary complaint under 11 USC § 523 in the bankruptcy case.


DATED: October 27, 2020

/s/ Richard T. Baum
_____

RICHARD T. BAUM,
11500 West Olympic Boulevard, Suite 400
Los Angeles, California 90064
310.277.2040 | fax: 310.286.9525
rickbaum@hotmail.com
Attorney for Movant Michael Hoffman

## DECLARATION OF RICHARD T. BAUM

I, RICHARD T. BAUM, declare:

1.  I am an attorney admitted to practice in California and New York.  I am permitted to practice pro haec vice in this court in this case.  I am attorney for Movant Michael Hoffman in this bankruptcy case.

2.  In 2018, Mr Hoffman filed an action in the Los Angeles Superior Court briefly entitled <u>Hoffman v Mens Wearhouse</u>, Case No. BC 699 909, which alleges claims for discrimination based upon sexual orientation; harassment based on sexual orientation; discrimination based upon age; harassment based upon age; failure to prevent discrimination, harassment and retaliation; retaliation; wrongful termination of employment; whistleblower retaliation; intentional infliction of emotional distress; and defamation, all under California state law.  The complaint was served, and extensive litigation followed.  Movant's Third Amended Complaint withstood defendants' demurrers (similar to FRCP Rule 12(b)(6) motions) (a true copy is attached as Exhibit 1).  The case was extensively litigated (a true copy of the Los Angeles Superior Court's Case Information Report which reflects the names of the documents filed withe court is attached as Exhibit 2).  Defendants' Motion for Summary Judgment is scheduled for hearing on November 24, 2020 and a jury trial is set for January 19, 2021, though current practice does not see jury trials going forward until September 2021 at the earliest  The Debtor filed a Notice of its bankruptcy in the court on August 5, 2020, and the case remains stayed.

3.  As a practitioner in Los Angeles, I am aware that the corona virus pandemic caused the virtual shutdown of the Los Angeles Superior Court's civil operations, and

that the court is just starting to dig itself out.  Jury trials are being moved to or set starting September 2021.

4.   On August 27, 2020, I sent an email to Victoria Argeroplos, the first named attorney for the Debtor on the ECF system asking to discuss with her relief from the automatic stay without the need of a motion.  She returned my email almost immediately, and put me in touch with Anne Wallace with whom I corresponded by email.  Later, I corresponded with Lindsey Blum, and finally with Taylor Rose Stoneman.  My client's position was that we are close to trial, that a motion for summary judgment is on calendar, and the case should go forward.  The Debtor's position was that there was a Self-Insured Reserve under its insurance policies that had not been reached and spending money on attorneys' fees depleted the estate.  I later suggested that the motion for summary judgment and related discovery (one deposition) be allowed to go forward, but that was rejected by the Debtor.  Hence this motion.  The email trail on these correspondence is attached as Exhibit 3.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 27th day of October 2020, at Los Angeles, California.


/s/ Richard T. Baum
_____
RICHARD T. BAUM