United States Bankruptcy Court
Southern District of Texas

**ENTERED**
September 22, 2021
Nathan Ochsner, Clerk

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

|  |  |  |
|---|---|---|
| In re | ) | Chapter 11 Case |
|  | ) |  |
| TAILORED BRANDS, INC., *et al.*,[1] | ) | Case No. 20-33900 (MI) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## STIPULATION BY AND BETWEEN PHILLIP BROOKS, THE LIQUIDATING TRUSTEE AND REORGANIZED DEBTORS REGARDING PROOF OF CLAIM NOS. 3852, 3862 & 3928

This **STIPULATION AND AGREED ORDER** (the "Stipulation") is made and entered into by and among (a) the above-captioned reorganized debtors and debtors in possession (collectively, the "Reorganized Debtors"), (b) Mohsin Meghji (the "Liquidating Trustee"), in his capacity as Liquidating Trustee of the Tailored Brands Liquidating Trust (the "Liquidating Trust"), and (c) Phillip Brooks ("Claimant", and together with the Reorganized Debtors and Liquidating Trustee, the "Parties"), acting by and through his attorneys Tewksbury & Kerfeld PA. The Parties hereby stipulate and agree as follows:

## RECITALS

**WHEREAS**, on August 2, 2020 (the "Petition Date"), Tailored Brands, Inc. and its affiliated debtors (collectively, "Debtors") filed the above-referenced Chapter 11 cases. The Debtors have continued to operate their business and manage their properties as debtors-in-possession pursuant to Bankruptcy Code §§ 1107(a) and 1108 during the pendency of their Chapter 11 cases.

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://cases.primeclerk.com/TailoredBrands. The location of the Debtors' service address in these chapter 11 cases is: 6100 Stevenson Boulevard, Fremont, California 94538.

29987422v.1

**WHEREAS**, on August 4, 2020, the Court entered its *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Requests for Payment Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Matter for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Notice of Bar Date* [Docket No. 95] (the "Bar Date Order"). On August 11, 2020, the Debtors served their *Notice of Deadlines for Filing Proofs of Claim, Including Requests for Payment Pursuant to Section 503(b)(9) of the Bankruptcy Code* (the "Bar Date Notice"), which provided notice that the deadline for all entities, other than Governmental Units, to file proofs of claim was October 7, 2020 (the "General Bar Date"). *See* Docket No. 556.

**WHEREAS**, on October 7, 2020, Claimant filed three Proofs of Claim (collectively, the "Claims"): (a) Proof of Claim No. 3852 against Joseph Abboud Manufacturing Corp. in an unliquidated amount; (b) Proof of Claim No. 3862 against Tailored Brands, Inc. in an amount of at least $75,000.00; and (c) Proof of Claim No. 3928 against The Men's Wearhouse, Inc. in an unliquidated amount.

**WHEREAS**, on November 13, 2020, the Court entered that certain *Order Confirming Fifth Amended Joint Plan of Reorganization Pursuant to Chapter 11 of the Bankruptcy Code* [Docket No. 1221] (the "Confirmation Order").[2] The Effective Date of the Plan occurred on December 1, 2020 [Docket No. 1298].

**WHEREAS**, certain of the Debtors' or the Reorganized Debtors' insurance policies provide coverage that may be applicable to the Claims (the "Insurance Policies");

**WHEREAS**, the Insurance Policies do not include a self-insured retention or deductible applicable to the Claims;

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Confirmation Order.

29987422v.1

**WHEREAS**, pursuant to the Plan, on the Effective Date, the Liquidating Trust was established to hold the Liquidating Trust Assets and make distributions to Class 5(b) unsecured creditors. *See* Plan, at § IV.S.1. The Liquidating Trustee is responsible for reconciling and objecting to Class 5(b) unsecured claims. *See* Plan, at § IV.S.2. The Claims asserted by Claimant constitute a Class 5(b) Claim under the Plan. *See* Plan Def. 128, "*Other General Unsecured Claims*" and § III.A and B.

**WHEREAS**, the Plan, along with section 524 of the Bankruptcy Code, enjoins Claimant from pursuing his Claims against the Debtors or the Reorganized Debtors outside of these chapter 11 cases;

**WHEREAS**, the Parties have conferred and negotiated in good faith with respect to the claims referenced above, and have agreed to compromise and settle such claims on the terms set forth below.

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS HEREBY ORDERED THAT**:

1. This Stipulation and Agreed Order shall only be effective and enforceable upon its approval and entry by the Court on the docket for these Chapter 11 cases, and then it shall be immediately effective and enforceable.

2. The above recitals are incorporated by reference into this Stipulation and Agreed Order with the same force and effect as if fully set forth herein.

3. Proof of Claim Nos. 3852 and 3928 are duplicate claims and are hereby disallowed and expunged in their entirety.

4. With respect to Proof of Claim No. 3862, Claimant hereby agrees to waive and release any and all distributions or payments on account of any of such claim from the Trustee and/or Liquidating Trust. Notwithstanding the preceding sentence, upon execution and Court approval of this Stipulation and Agreed Order, the discharge injunction shall be modified to allow Claimant to pursue litigation against the Reorganized Debtors to liquidate Proof of Claim No. 3862, and to recover—whether by settlement or judgment in such litigation—solely from the proceeds of the Reorganized Debtors' Insurance Policies, if applicable, without further approval of the Court.

5. Claimant agrees and acknowledges that (a) any amounts recovered by the Claimant by a final order or settlement as to the Debtors or the Reorganized Debtors are limited solely to proceeds from the Insurance Policies, if any, and not from the Debtors, the Reorganized Debtors, their estates, or their successors, including the Liquidating Trust, and (b) as against the Debtors or the Reorganized Debtors, the Claimant may prosecute the Claims (and enforce any judgment obtained on account of the same) solely with respect to proceeds available from the Insurance Policies, if any.

6. Neither the Debtors, the Reorganized Debtors, their estates, nor their successors, including the Liquidating Trust, shall be required to fund costs associated with (a) any self-insured retention or deductible liability, (b) any obligation to post any security or deposit with any non-debtor defendants or any insurance carrier pursuant to the terms of an applicable insurance policy, if any, or (c) any other costs of any kind, including, without limitation, attorneys' fees and expenses or amounts due for any non-debtor defendants' or insurance carriers' claims based on indemnification obligations or applicable insurance policies, if any, against the Debtors, the

29987422v.1

Reorganized Debtors, their estates, or their successors, including the Liquidating Trust, in connection with Claimant's prosecution of the Claims.

7. Any judgement(s) or award(s) obtained by Claimant shall not be asserted as a claim in these chapter 11 cases.

8. The undersigned hereby represent and warrant that they have full authority to execute this Stipulation and Agreed Order on behalf of the respective Parties and that the respective Parties have full knowledge of and have consented to this Stipulation and Agreed Order.

9. Neither this Stipulation, nor any terms contained herein, shall be offered in evidence in any legal proceeding or administrative proceeding among or between the Parties, other than as may be necessary: (a) to obtain approval of and to enforce this Stipulation, (b) to seek damages or injunctive relief in connection therewith, or (c) to prove that the discharge injunction has been modified to allow prosecution of the Claim in accordance with the terms of this Stipulation.

10. The Court shall retain jurisdiction over all disputes arising under or related to this Stipulation and Agreed Order.

11. The terms of this Stipulation are binding on the Parties and their parents, subsidiaries, affiliates, successors, agents, and assigns, including any trustee or estate representative hereafter appointed in these chapter 11 cases.

12. This Stipulation shall not be modified, altered, amended, or vacated without written consent of the Parties hereto. Any such modification, alteration, amendment or vacation, in whole or in part, shall be subject to the approval of the Court.

29987422v.1

13. This Stipulation contains the entire agreement by and between the Reorganized Debtors and the Claimant with respect to the subject matter hereof, and all prior understandings or agreements, if any, are merged into this Stipulation.

Signed: September 22, 2021

_____
Marvin Isgur
United States Bankruptcy Judge

29987422v.1

**STIPULATED AND AGREED:**

**NORTON ROSE FULBRIGHT US LLP**

*/s/ Jason L. Boland*
Jason L. Boland (SBT 24040542)
Julie Goodrich Harrison (SBT 24092434)
1301 McKinney Street, Suite 5100
Houston, Texas 77010
Phone:       (713) 651-5151
Facsimile:   (713) 651-5246
Email: jason.boland@nortonrosefulbright.com
Email: julie.harrison@nortonrosefulbright.com

*Counsel for Mohsin Meghji, as Trustee of the Liquidating Trust*

**TEWKSBURY & KERFELD**

*/s/ Keith J. Kerfeld*
Keith J. Kerfeld
88 South 10th Street, Suite 300
Minneapolis, MN 55403
Telephone:   (612) 334-3399
Facsimile:   (612)

*Counsel for Claimant Phillip Brooks*

**JACKSON WALKER LLP**

*/s/ Victoria Argeroplos*
Matthew D. Cavenaugh (TX Bar No. 24062656)
Kristhy M. Peguero (TX Bar No. 24102776)
Veronica A. Polnick (TX Bar No. 24079148)
Victoria Argeroplos (TX Bar No. 24105799)
1401 McKinney Street, Suite 1900
Houston, Texas 77010
Telephone:   (713) 752-4200
Facsimile:   (713) 752-4221
Email:       mcavenaugh@jw.com
             kpeguero@jw.com
             vpolnick@jw.com
             vargeroplos@jw.com

-and-

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Christopher Marcus, P.C. (admitted *pro hac vice*)
Aparna Yenamandra (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:   (212) 446-4800
Facsimile:   (212) 446-4900

-and-

James H.M. Sprayregen, P.C.
300 North LaSalle Street
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200
Email:       james.sprayregen@kirkland.com

*Co-Counsel to the Reorganized Debtors*

29987422v.1